IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO CURRY, #428710,<br>   Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:10-CV-1577-M (BK) |
| | § | |
| DALLAS COUNTY, et al.,<br>   Defendants. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983, while serving his sentence on mandatory supervised release. He was recently arrested on a parole violation warrant and is presently incarcerated at the Dallas County Jail. (Doc. #9.) Defendants are Dallas County; Ressie Owens, the chairman of the Texas Board of Pardons and Paroles (Board); Ms. Hassard (or possibly Haggard), an employee of the Texas Department of Criminal Justice (TDCJ) at the Estelle Unit; Hearing Officer Leonard Dixon; Monitoring Officers Sylvester Burns and Micah Haley; and Parole Officer Dana Waters. Although no process was issued pending preliminary screening, the Court twice issued a questionnaire to Plaintiff to obtain information about the factual basis of the complaint. Plaintiff filed a response on both occasions.

The complaint, as supplemented by the answers to the questionnaires, alleges a cause of action against Dallas County for failing "to protect [the] plea bargain agreement," and Owens for Board policies concerning release to mandatory supervision. (Doc. #1 at 4, 6-11; Doc. #5 and

#7.) As to Dixon, Burns, Haley and Waters, the complaint alleges general claims of harassment, conspiracy, retaliation, and falsification of records.[1] (*Id.*). Plaintiff requests declaratory, injunctive, and monetary relief. (Doc. #1 at 4.)

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). *See also* 28 U.S.C. § 1915A(a) (authorizing screening of prisoner actions). Those statutes provide for *sua sponte* dismissal of a complaint if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Plaintiff filed his complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983. In order to state a civil rights claim cognizable under section 1983, Plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a claim is not cognizable under section 1983.[2]

---

[1] In his pleading entitled *Plaintiff Development that May Effect The Outcome of 3:10-CV-01577* (Doc. #11), filed December 21, 2010, Plaintiff relates the same conclusory allegations of conspiracy, harassment and retaliation.

[2] 42 U.S.C. § 1983 provides, in relevant part:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

The Court has liberally construed Plaintiff's filings (the complaint and 61 pages in attachments, as well as his answers to the magistrate judge's questionnaire and supplemental questionnaire) with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the filings in this case lack the requisite specificity and fail to raise any constitutional deprivations actionable under section 1983.

In the order requiring Plaintiff to respond to the supplemental questionnaire, the Court cautioned him that his allegations were very general and unclear. The supplemental questionnaire required Plaintiff to identify the date for each act or omission and specify how it violated his constitutional rights. In response, however, Plaintiff merely stated an array of legal conclusions stemming from multiple events spanning, in some instances, more than ten years preceding the filing of the complaint. As set out in detail below, his claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

1. Dallas County

The claims against Dallas County relate to the duration of Plaintiff's sentence in *State v. Curry*, No. F86-86270 (Dallas County 1986). Plaintiff complains that Dallas County has held him beyond his 22-year term (Doc. #1 at 6.), but "never admonished the Plaintiff that [his] time could exceed 22 years," considering the time served in prison and on mandatory supervision

---

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

release (Doc. #5, Answer 2). According to Plaintiff, "[t]he Constitution places limits on the sovereign's ability to use its law making power to modify bargains it has made with i[t]s subjects." (*Id.*)

To the extent Plaintiff seeks to challenge the fact or duration of his confinement, his claim is not cognizable under section 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 4889 (1973) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'")). The District Court should dismiss all claims for declaratory or injunctive relief against Dallas County, without prejudice to Plaintiff's right to re-file in a habeas corpus action after exhausting state court remedies. *See* 28 U.S.C. § 2254(b).

Insofar as Plaintiff seeks monetary damages against Dallas County, his claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Plaintiff's allegations imply the invalidity of his 22-year sentence, based on its actual duration, including post-release supervision. However, he has not sought to overturn his sentence. *See Heck*, 512 U.S. at 487. Accordingly, the District Court should dismiss as frivolous any claim for monetary damages against Dallas County, with prejudice to that claim "being asserted again until the *Heck* conditions are met." *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) *(quoting Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language for *Heck* dismissal)).

2. <u>Defendant Owens</u>

Plaintiff sues Owens over Board policies addressing release to mandatory supervision. He states the "contract upon release" threatens him with continued confinement for refusing to sign a contract that for all purposes strips him of all his rights and liberty interests. (Doc. #1 at 7). He also states Owens was involved in the "falsification of prisoner's records." (*Id.* at 8-9.)

In her official capacity as Chairman of the Board, Owens is absolutely immune. Because the complaint is considered to be a suit against the official's office – i.e., the Board -- the complaint would be barred by sovereign immunity as a suit against the state itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (states or state entities are not persons subject to suit under section 1983, because of the Eleventh Amendment). The Board, as a state instrumentality, is immune from a suit seeking monetary relief on Eleventh Amendment grounds. *Littles v. Board of Pardons and Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995).

In her individual capacity, Owens was not personally involved in any constitutional deprivation. Apart from signing the Certificate of Mandatory Supervision, Plaintiff has failed to state how Owens was involved in the falsification of records or any other deprivation relating to the conditions of his mandatory supervision. It is well settled that an individual cannot be held liable in a section 1983 action unless she was personally involved or participated in alleged unconstitutional actions. *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Nor can a supervisor be held liable in a section 1983 action pursuant to a theory of respondeat superior. *See Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *Thompkins v.*

5

*Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Accordingly, all claims against Owens lack an arguable basis in law and should be dismissed as frivolous.

3. Defendant Hassard

Between January 15, 2009, and July 26, 2010, Plaintiff states Ms. Hassard withheld and destroyed his outgoing legal mail, removed his bottom bunk restriction by falsifying his medical records, and "refused to enter time that would release" him. (Doc. #7 Answer 1; Doc. #1 at 9-10, 14-28.)

Plaintiff's allegations are conclusory at best. Even liberally construing the grievances attached to the complaint, Plaintiff does not allege facts that indicate personal involvement or acquiescence in any constitutional deprivation by Defendant Hassard. (Doc. #1 at 14-28.) As noted above, an individual cannot be held liable in a section 1983 action unless he or she was personally involved or participated in alleged unconstitutional actions. *Roberts*, 397 F.3d at 292.

Even assuming personal involvement, Plaintiff has not alleged any actual injury as a result of Hassard's alleged denial of access to the courts stemming from the loss of his out-going legal mail. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (an inmate may recover for denial of his constitutional right to access the courts only if he can demonstrate that an actual injury occurred as a result of the alleged denial). Plaintiff concedes that his legal mail was ultimately mailed out. (Doc. #7, Answer 1.) In addition, none of his filings states that the delay in mailing prejudiced his ability to purse a legal claim relating to a habeas petition and/or a civil rights action complaining of prison conditions. *See Lewis*, 518 U.S. at 354.

The remaining claims against Hassard fare no better. Plaintiff asserts Hassard "falsified

[his] medical records" to remove his top bunk restriction. This allegedly forced him to sleep on the floor because he was unable to reach the top bunk due to his age, weight, and borderline high blood pressure. Again his filings fail to provide any details about Hassard's alleged involvement, if any. Nonetheless, the top bunk assignment lasted less than thirty days, from November 18, until December 15, 2009, since Plaintiff was able to have the decision overturned. (Doc. #1 at 19-21.) Moreover, none of his pleadings allege any facts amounting to "subjective deliberate indifference to conditions posing a substantial risk of serious harm" sufficient to rise to the level of an Eighth Amendment violation. *See Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004) (setting out a two-part test for conditions of confinement claims on the basis of *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), and *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994): (1) the conditions must be shown to be objectively "serious as to deprive prisoners of the minimal measure of life's necessities," and (2) responsible prison officials must be shown to have acted with deliberate indifference to the prisoner's conditions of confinement).

Lastly, Plaintiff complains that Hassard refused "to enter time that would release him" from confinement. (Doc. #7, Answer 1.) While the grievance attached to the complaint (Doc. #1 at 14) mentions unlawful confinement and retaliation, neither claim survives initial screening. As noted earlier, unlawful confinement claims are not cognizable in a section 1983 complaint. *Wilkinson v. Dotson*, 544 U.S. 74, 78. Moreover, the retaliation allegations are conclusory at best, mentioning only unrelated, prior incidents. *See Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (to state a claim for retaliation, a litigant "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."). Therefore, the District Court should dismiss all

7

claims against Hassard as they lack an arguable basis in law.

4. Defendants Dixon, Burns, and Haley

The complaint, as supplemented by the answers to the questionnaire, fails to present a cognizable conspiracy claim. (Doc. #1 at 10-11; Doc. #7, Answer 4, 6-7.) A claim for civil conspiracy requires allegations of facts sufficient to show (1) that there was an agreement between the defendants to inflict a wrong or injury upon the plaintiff, and (2) an overt act that results in damages. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979).

In the present case, Plaintiff's filings are devoid of any allegation from which an inference can be drawn that any Defendant(s) conspired to deprive Plaintiff of his constitutional rights. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Plaintiff complains generally that Dixon falsified records beginning in 1997, and that Burns and Haley's conduct stems directly from Dixon's involvement in the falsification of records. (Doc. #7, Answer 2, 4-5.) In answer to the questionnaire, Plaintiff fails to identify any facts to show Dixon, Burns, and Haley's involvement in the alleged conspiracy. (*Id.*, Answer 6.) He states nothing that would support the presence of an agreement between Dixon, Burns, and Haley, or that they ever met to discuss Plaintiff and his parole supervision. (*Id.*, Answer 7.) He merely alleges that Dixon told him "'he was a Mason' and would make [his] life a living hell.'" (*Id.*, Answer 6.) However, "'[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Hale*, 786 F.2d at 690 (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

Plaintiff's retaliation claims fare no better. Even when liberally construed, his allegations

fail to allege a constitutional violation or sufficient motivation for the alleged retaliation. *See Hart v. Hairston*, 343 F.3d 762, 764 (to state a claim for retaliation, the plaintiff "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."). In answer to the questionnaire, Plaintiff declines to provide a chronology of events from which this Court could plausibly infer that Dixon intended to retaliate against him as alleged in the complaint. (Doc. #7, Answer 2 and 3.) Accordingly, Plaintiff's retaliation claims lack an arguable basis in law.

The same applies to the claims that Dixon, Burns, and Haley repeatedly harassed Plaintiff while he was serving his sentence on mandatory supervision. A plaintiff can successfully invoke section 1983 only when his federal statutory or constitutional rights have been violated. Plaintiff has not alleged any constitutional violation stemming from his general allegations of harassment. The United States Court of Appeals for the Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). Throughout the events at issue, Plaintiff served his sentence on mandatory supervision with an ankle monitor, residing at least in part at a halfway house. Because his status was sufficiently analogous to that of a prisoner, the Court concludes that his harassment claims do not rise to a constitutional violation.

The remaining allegations are conclusory at best. Plaintiff states Burns falsified monitor reports between August 13, 2008, and August 13, 2010. (Doc. #7, Answer 4). Yet, he references only one incident from February 12, 2005. (*Id.*, attachment) Likewise, he fails to plead what Haley did or failed to do that rises to a constitutional deprivation, apart from stating generally that

9

he "used gang members on his case load against me." (Doc. #7, Answer 5-6.) Accordingly, the District Court should dismiss as frivolous all claims against Dixon, Burns, and Haley as they lack an arguable basis in law.

5. Defendant Waters

The allegations against Parole Officer Waters are also conclusory. Plaintiff lists a litany of events beginning in 2007, including threats, harassments, and refusals to remove from electronic monitoring device. (Doc. #7, Answer 8.) His filings, however, fail to specify the date for any of the acts or omissions and how each violated his constitutional rights. The same applies to the incidents beginning on August 9, 2010, when Plaintiff was again re-assigned to Waters for supervision. He states she submitted false charges, refused his requests to attend church, work on holidays, and obtain a driver license, and spoke in a "crazy" manner to his family and supervisor. (*Id.*) Accordingly, all claims against Waters lack and arguable basis and should be dismissed as frivolous.

6. Statute of Limitations

Plaintiff's remaining claims clearly concern events that occurred before August 2008. In *in forma pauperis* action, the Court "may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). In section 1983 actions, district courts apply the forum state's personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Texas has a two-year statute of limitations for personal injury actions.

10

Tex. Civ. Prac. & Rem. Code § 16.003(a) (West 2010). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).

The following claims are time-barred because they accrued more than two years before the filing of the complaint on August 13, 2010.[3]

- Claims against Owens for six and one-half years of house arrest without exercise from September 17, 2001, to May 9, 2008. (Doc. #1 at 8-9; Doc. #5, Answer 3.)
- Claims against Owens for falsification of records from July 18, 1997 until February 22, 2007. (*Id.*)
- Claims against Dixon from 1997 until August 2008 relating to falsification of records and retaliation. (Doc. #5, Answer 5; Doc. #7, Answer 2.)
- Claims against Dixon, Burns, and Haley for harassment and retaliation from 2004 until August 2008. (Doc. #5, Answer 5-7.)
- Claims against Burns relating to the 2005 Offense Report and any other reports predating August 13, 2008. (Doc. #7, Answer 4.)
- Dana Waters' actions or inactions from on or about 2005 until August 2008. (Doc. #5, Answer 8 and attachments.)

Moreover, Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period as a result of a "legal disability." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 2010) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). Nor does his imprisonment toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Accordingly, any remaining claim that accrued before August 13, 2008, lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

---

[3] Since Plaintiff was not incarcerated when he filed the complaint, he is not entitled to the benefit of the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (the federal "mailbox rule" applies only to prisoner litigants).

7. Motion to Appoint Counsel

A plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law. *See Castro Romero v. Becken*, 256 F.3d 349, 353 -354 (5th Cir. 2001) (*pro se*, nonprisoner); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (*pro se,* prisoner). For the reasons set out above, Plaintiff cannot show that his case presents exceptional circumstances warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (listing factors to be considered in appointing counsel). Therefore, the District Court should deny his request for appointment of counsel (Doc. #10).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DENY** Plaintiff's motion to appoint counsel (Doc. #10), and **DISMISS** all claims with prejudice as frivolous, *see* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), except that the District Court should **DISMISS** any claim challenging the fact or duration of confinement without prejudice to Plaintiff's right to re-file in a habeas corpus action after exhausting state court remedies, *see* 28 U.S.C. § 2254(b).

SIGNED December 27, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE